UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
----------------------------------------------------------------X
STEEPLEJACKS OF AMERICA, et al.,

                        Plaintiff,

                                                               **ORDER**
            -against-                                       CV 08-2034(SJF)(ARL)

PUENTE CONSTRUCTION ENTERPRISES, et al.,

                        Defendants.
----------------------------------------------------------------X

**LINDSAY, Magistrate Judge:**

       The court is in receipt of numerous letter from the parties. By letter dated September 14, 2010, Nick America, on behalf of the plaintiff Steeplejacks of America, submitted a motion for sanctions based on the defendants' failure to appear for depositions.[1] It appears that through a series of letters and "addendums" to letters, the plaintiff noticed the depositions of several of the defendant companies and specifically named certain representatives and individuals that he desired to depose. According to counsel for the defendants, the requests were not made until August 31, 2010, one month before the discovery deadline, and the plaintiff requested the depositions of eleven individuals including counsel for one of the defendant companies. In addition, the plaintiff noticed the depositions for Ohio. Finally, the plaintiff also demanded the production of documents in the deposition notices in narrative form and the defendants were unable to decipher the specific documents being demanded.

       The court has reviewed the plaintiff's submissions and agrees that the deposition notices were improper. Accordingly, the plaintiff is directed to immediately contact counsel for the defendants and indicate which of the defendant companies he seeks to depose. To the extent the plaintiff seeks to depose a representative of the company, the plaintiff must describe, in writing, the matters for examination and the defendants will designate the appropriate representative for the depositions. The plaintiff may also take the depositions of any of the named individuals who are in the defendants' control, otherwise those persons must be subpoenaed pursuant to Fed. R. Civ. P. 45. The plaintiff may not take in excess of ten depositions. The depositions must take place where the companies do business or the individuals reside. Finally, the plaintiff's demand for documents is denied. The plaintiff must set forth with specificity any documents being sought.

       As the parties are aware, the deadline for discovery in this matter was September 17, 2010. The undersigned established that deadline based on Judge Feuerstein's May 19, 2010 order, which scheduled the case for a pretrial conference on November 2, 2010. In doing so, Judge Feuerstein

---

[1] Mr. America has also submitted a letter dated September 7, 2010, annexing a copy of a letter he sent to counsel, an addendum to his motion dated September 14, 2010, and addendum to the motion dated September 17, 2010, which address the parties' settlements and the deposition issue and disputes each of the statements made by counsel in her opposition letter.

expected the case to be trial ready. Accordingly, the depositions at issue in this application may only proceed until Judge Feuerstein schedules the case for trial. Given this ruling, the undersigned will adjourn the final conference scheduled for October 15, 2010 to November 2, 2010 at 11:45 a.m., following Judge Feuerstein's conference. The parties are directed to submit a proposed joint pretrial order to the court prior to the final conference.

Dated: Central Islip, New York  
       October 13, 2010

**SO ORDERED:**

_____/s/_____  
ARLENE R. LINDSAY  
United States Magistrate Judge